## CIRCUIT COURT OF THE CITY OF RICHMOND

Frank P. Iuorno, Jr.

v.

Ford Motor Company

October 10, 1996

Case No. LB-69-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case plaintiff alleges breach of warranty under the Magnuson-Moss Warranty Act and Virginia's so-called Lemon Law in connection with the sale of a new 1994 Ford Probe automobile. The parties have settled the case save for one issue, the amount of attorney's fees, under respective provisions of each law. Plaintiff's attorney has requested $12,140.00 for legal fees. Defendant, while conceding some amount is due, contests the requested amount as unreasonable.

Both the Warranty Act, 15 U.S.C. § 2310(d)(2), and the Lemon Law, § 59.1-207.1, Code of Virginia, provide for attorney's fees for a successful plaintiff. Plaintiff's counsel should be compensated for all the time *reasonably* spent in obtaining Ford's admission of liability for all the plaintiff's damages. Fee-shifting statutes are not intended to replicate the fee an attorney could earn through a private fee arrangement with his client. *Colter v. State of Tennessee*, 805 F.2d 146 (6th Cir. 1986). Here, plaintiff's counsel is asking for his usual rate of $200 per hour for the 60.7 hours he spent on the case.

The salient events leading to the settlement and request for attorney's fees now under consideration are undisputed. On December 14, 1995, plaintiff sent a demand letter to Ford seeking damages and attorney's fees under the Lemon Law. At that point, plaintiff's counsel had spent 4.3 hours

on the case, and therefore incurred $860.00 in attorney's fees. On January 2, 1996, responding to the demand letter, Ford offered to accept return of the vehicle pursuant to the Lemon Law and offered plaintiff $1,000 in attorney's fees. Plaintiff rejected this offer because it did not provide for loss of use damages. This action was filed on January 16, 1996. On January 31, 1996, Ford again offered to comply with the Lemon Law, clarifying that it would pay the $100 requested for loss of use. Plaintiff rejected this offer on the ground that it did not include $100 for vehicle insurance and did not offer plaintiff all of his attorney's fees. Ford then filed a Plea in Bar. The court heard argument on the Plea on April 4, 1996. Ford argued that its offers of compliance with the law including a refund of the purchase price, etc. precluded plaintiff's claims from going any further. On June 6, 1996, this court denied the defendant's Plea in Bar, ruling that the amount of attorney's fees and other damages, such as vehicle insurance, are issues for the jury. In July, 1996, Ford and plaintiff agreed that Ford would comply with the Lemon Law and pay plaintiff $18,993.58. The only difference between this and the original Ford settlement offer is that it itemized the following additional elements of damages: (1) $100 for loss of use and (2) $100 for vehicle insurance. Ford contends that the fee is unreasonable because the case could have been settled earlier when the defendant offered plaintiff a settlement which did not include $100 for loss of use and $100 for vehicle insurance. Between January and July, 1996, plaintiff's counsel billed 46.8 hours for a total of $9,360 in legal fees after the parties had failed to resolve their differences; the point of departure for them was the continued dispute over $200 for loss of use and vehicle insurance.

Attorney's fee provisions in enforcing rights under statutes affording them must be considered against the course of the litigation instituted to vindicate those rights. There are other considerations, as well. Counsel for the plaintiff has the responsibility to evaluate the case and to move forward expeditiously and effectively. Although it is ultimately up to his client whether to take a settlement offer, counsel has an obligation to make a reasonable decision as to whether to continue with the case. If the client in this case were responsible for the attorney's fees, it is doubtful whether counsel would have spent so much time and money in recovering the extra $200. Here, it is evident that counsel did not limit his research and preparation in proportion to the magnitude of the results sought. Attorneys

should not be rewarded for excessively working a case simply because they know that their requested fees will be forthcoming.

Counsel for plaintiff spent 16.5 hours to recover attorney's fees. Defendant is correct in pointing out that attorney's fees should not be awarded for the work done by plaintiff's attorney to recover such fees. Virginia Circuit Courts have routinely refused to grant attorney's fees incurred in preparing fee claims under the Lemon Law. See *Jeffries v. General Motors Corp.*, Circuit Court of the City of Norfolk, Case No. L94-4273, decided March 6, 1996; *Sykes v. General Motors Corp.*, Circuit Court of the City of Norfolk, Case No. L95-26, decided March 6, 1996; *Graham v. Ford Motor Co.*, 29th Circuit, Case No. CL93000119, decided Sept. 19, 1994. Therefore, plaintiff's attorney should not be awarded fees for the 16.5 hours spent preparing and litigating his fees request.

Counsel for plaintiff should only be awarded fees for the work done up until June 6, 1996, the date that the Plea in Bar was ruled on. He should not be awarded fees for work done after that date, which includes the 16.5 hours incurred in recovering attorney's fees. Counsel has experience in claims of this type and has considerable expertise in this area; the court has no question about his requested hourly rate. Accordingly, the court will award plaintiff's attorney's fees based on 31.9 hours at the rate of $200 per hour.